**HUA DI WU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–0042–ag.

United States Court of Appeals, Second Circuit.

July 27, 2006.

Michael Brown, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney; Keith Wyatt, Civil Division Chief; Larry Ludka, Assistant United States Attorney, Corpus Christi, Texas, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Hua Di Wu, through counsel, petitions for review of the December 2005 BIA order denying his motion to reopen his removal proceedings. In October 2002, the BIA had previously denied Wu's initial motion to reopen or reconsider its June 2002 decision affirming an Immigration Judge ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where

the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Wu's motion to reopen. The BIA chose to deny Wu's motion as a matter of discretion because he had remained in the United States for several years following the denial of his asylum application based on an adverse credibility finding. This exercise of discretion was appropriate given that Wu had already filed two identical motions, the second of which was numerically barred. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006) (emphasizing that an "apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme"). Further, the BIA previously considered Wu's arguments on appeal, and found no reason to reopen or reconsider its decision affirming the IJ's adverse credibility finding. Wu's most recent motion failed to present any new evidence that would alter the result in this case, *see In re Coelho,* 20 I. & N. Dec. 464, 473, 1992 WL 195806 (BIA 1992), rather, he merely provided documents to support his original claim that he had been incarcerated for his illegal departure. Thus, the BIA rationally denied Wu's motion to reopen his removal proceedings, and provided adequate reasoning for doing so. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005); *Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).